Read, J.
Drunkenness is no excuse for crime; yet, in that class of crimes and offenses which depend upon guilty knowledge,, or the coolness and deliberation with which they shall have been, perpetrated, to constitute their commission, or fix the dogree of. *557 guilt, it should be submitted to the consideration of the jury. If this act is of that nature that the law requires it should be done with guilty knowledge, or tho degree of guilt depends upon tho calm and deliberate state of tho mind at the time of the commission of the act, it is proper to show any state or condition of the person that is adverse to the px’oper exercise of the mind, and the undisturbed possession of the faculties. The older writers regarded, drunkenness as an aggravation of the offense, and excluded it for any purpose. It is a high crime against one’s self, and offensive to society and good morals; yet every man knows that acts may bo committed in a fit of intoxication which would bo abhorred in sober moments. And it seems strange that any one should ever have imagined that a person who committed an act from the effect of drink, which he would not have done if sober, is worse- than tho man who commits it from'sober and deliberate intent. The law regards an act done in sudden heat, in a moment of frenzy, when passion has dethroned reason, as less criminal than the same act when performed in the cool and undisturbed possession of all the faculties. There is nothing the law so much abhors as the cool, deliberate, and settled purpose to do mischief. That is tho quality of a demon ; whilst that which is done on great excitement, as when the mind is broken up by poison or intoxication, although, to be punished, may, to some extent, be softened and sot down to tho infirmities of human nature. Hence — not regarding it as an aggravation — drunkenness, as anything else showing the state of mind or degree of knowledge, should go to the jury. Upon this principle, in modern cases, it has been ^permitted to bo shown that the accused was drunk when ho perpetrated the crime of killing, to rebut the idea that it was done in a cool and deliberate state of the mind, necessary to constitute murder in the first degree. Tho principle is undoubtedly right. So, on a charge of passing counterfeit money; if the person was so drunk that he act. ually did not know that he had passed a bill that was counterfeit, ho is not guilty. It oftentimes requires much skill to detect a counterfeit. The crime of passing counterfeit money, consists of knowingly passing it. To rebut that knowledge, or to enable the jury to judge rightly of the matter, it is competent for the person chai’ged to show that he was drunk at tho time he passed the bill. It is a circumstance, among others, entitled to its just weight.
Judgment reversed, and cause remanded.