Smith, J.
The originaljpapers or decrees in this case are not before us, and the transcript of the journal entries furnished shows only a copy of the final decree entered in the case. It is evident, however, from this, that a decree had previously been entered, (and as is said by counsel, at a former term of the court), distributing among different lien-holders, on different and the same tracts of land, the.proceeds of the sale thereof, except the sum of $353.75, which had been reserved for the further order of the court.
On the fourth day of March, 1889, a final order was made, directing the sheriff to pay out of the money in his hands : first, the unpaid costs, amounting to $6.75; second, to R. B. Warder $236.18 on his claim, and giving him a judgment for the balance still due him; and third, to Charlotte K. Wright, the residue, viz., $111.40, and giving her a judgment for the balance still due her. Thereupon, Charlotte K. Wright gave notice of her intention, to appeal from so much of this cause as affects her rights in said sum of $236.18. A motion has been filed to dismiss the appeal taken in pursuance of such notice, because the same was from a portion only of the decree.
The general statute regulating appeals from the common pleas to the circuit court (sec. 5226 Revised Statutes) evidently contemplates an appeal from the whole of a judgment, or final order, and sec. 5227 provides for the giving of notice of such appeal. “ A party desiring to appeal his cause to the circuit court ” * * “ shall enter on the records notice of such intention.” But sec. 5233 provides that “ when the interest of a party desiring an appeal is separate and distinct from that of the other party or parties, and he desires to appeal the part of the case in which he is interested, it shall be allowed by the court.”
It is manifest in this case that the only controversy settled by the decree from which it was attempted to appeal, was the disposition to be made of the fund in court amounting to $353.73, and so far as it appears, the only parties claiming it were Warden and the appellant Mrs. Wright. The court divided it between them, giving to Warden $236.18 thereof, *377 .and to Mrs. Wright the sum of $111.40, and by her notice of appeal the latter apparently seeks to have this court pass upon the right of Warden and herself to the $236.18, leaving the decree below in all other respects to remain as rendered.
If this is the effect of the notice so given, can it be done?
It is the claim of the counsel for Mrs. Wright that it can— that if in an equity case, two distinct claims are asserted by one party against another, and a finding is made on one in favor of the plaintiff, and on the other in favor of the defendant, either party may appeal from the judgment against him, and that the other finding in his favor will stand, unless that is appealed from by his adversary.
We are of the opinion that such is not the law, even in the case supposed, of distinct claims. That under see. 5226 an appeal by one of two parties must be of the whole case, or of the issues settled by the decree appealed from ; that a party can not select certain findings against him to appeal from, leaving those in his favor to stand. And that a case between two parties alone, viz. a defendant and a plaintiff, involving the ownership or right to a fund, does not come within the provisions of sec. 5232, allowing the appeal of a separate interest.
This is expressly stated by Judge Scott in the decision of the ease of Branch v. Dick, 14 Ohio St. 557. Where, after quoting this section, as it appeared in S. & C. Stat. 1166, in the identical language of sec. 5232, he says : “ I know of no other express provision of statute authorizing the appeal of a part of a case. And that provision is certainly not applicable here, where there are but two parties, and each interested in the case throughout.”
In this same case, the party gave notice of his intention to appeal from six definite and specific findings of the court, and the question was whether the appeal taken thereon, was good. The court there held, as we think was the case' here, that the question adjudicated was not divisible; but it also held, that the plaintiff there succeeded in putting on the record notice of intention to appeal the whole. “ He has specially particularized every part of the cause made in his petition, *378 and the findings and decrees of the court made^thereon — from, all which he gives notice of appeal.”
E. R. Donahue, for the motion.

P. A. Reece, contra.

Such, we think, is not so in the case before us. On the contrary, the appellant has endeavored to appeal only from so-much of the decree as was against her; leaving’the decree in her favor to stand, and the language used in the notice shows this. This, we think, can not be done.
Substantially the same ruling1 was made by’j'the ¡¡district court of this county, in the case of McGowan v. The McGowan Pump Co., 6 Law Bulletin, 338, and by this court in the case of Bruce v. Harker, not reported. The motion will be sustained, and the appeal dismissed.